```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/28/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

SELASSIE ATOKLO,
    a/k/a "Selassie Atokolo,"
    a/k/a "Selassie Atkolo,"

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

SI 22 Cr. 31 (MKV)

        WHEREAS, on or about February 25, 2022, SELASSIE ATOKLO, a/k/a "Selassie Atokolo," a/k/a "Selassie Atkolo," (the "Defendant"), was charged in a six-count Superseding Information, SI 22 Cr. 31 (MKV) (the "Information"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One); conspiracy to receive stolen money, in violation of Title 18, United States Code, Section 371 (Count Two); receipt of stolen money, in violation of Title 18, United States Code, Sections 2315 and 2 (Count Three); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Four); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Five); conspiracy to transport stolen goods, in violation of Title 18, United States Code, Section 371 (Count Six);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Counts Two through Six of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 246l(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two through Six of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two through Six of the Information;

WHEREAS, on or about February 25, 2022, the Defendant pled guilty to Counts One through Six of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Six of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 982(a)(l), a sum of money in United States currency representing property involved in the commission of the offense charged in Count One of the Information; and (ii) pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts Two through Six of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $119,414.31 in United States currency, representing the amount of property involved in the offense charged in Count One of the Information, and proceeds traceable to the offenses charged in Counts Two through Six of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved the offense charged in Count One of the Information, and

proceeds traceable to the offenses charged in Counts Two through Six of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Katherine C. Reilly, Sagar Ravi, and Mitzi Steiner, of counsel, and the Defendant and his counsel, William Stampur, Esq., that:

1. As a result of the offenses charged in Counts One through Six of the Information, to which the Defendant pled guilty, a money judgment in the amount of $119,414.31 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count One of the Information, and proceeds traceable to the commission of the offenses charged in Counts Two through Six of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant SELASSIE ATOKLO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    11-28-22
    Katherine C. Reilly                   DATE
    Sagar Ravi
    Mitzi Steiner
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-6521/2195/2284


SELASSIE ATOKLO

By: _____    11/28/2022
    Selassie Atoklo                       DATE

By: _____    11/08/22
    William Stampur, Esq.                 DATE
    Attorney for Defendant
    Stampur & Roth
    299 Broadway, Suite 800
    New York, New York 10017

SO ORDERED:

_____        11/28/2022
HONORABLE MARY KAY VYSKOCIL              DATE
UNITED STATES DISTRICT JUDGE