USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

SELASSIE ATOKLO

Defendant.

1:22-cr-31-MKV

**ORDER DENYING
MOTION FOR EARLY
TERMINATION OF
SUPERVISED RELEASE**

MARY KAY VYSKOCIL, United States District Judge:

On November 28, 2022, Defendant Selassie Atoklo was sentenced by this Court to 18 months' imprisonment, to be followed by three years' supervised release.  [ECF No. 45].  On February 5, 2024, Defendant filed a *pro se* motion for early termination of his term of supervised release, pursuant to 18 U.S.C. Section 3583(e).  [ECF No. 54].  The Government responded in a March 28, 2024 letter, opposing Defendant's request.  [ECF No. 55].  According to the Government, Defendant was released from the Bureau of Prisons on or about February 9, 2024. [ECF No. 55].  Defendant is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE"), and therefore, the Probation Office has not yet assigned Defendant a supervising Probation Officer.  [ECF No. 55].

Pursuant to 18 U.S.C. § 3583(e), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" and "after considering certain sentencing factors outlined in 18 U.S.C. § 3553(a)."  *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).  The Section 3553(a) factors empower the Court "to modify conditions of supervised release only when general punishment goals would be better served by a modification."  *United States v. Sarvis*, 205 F.3d 1326 (2d Cir. 2000).  "Although the District Court is not required to set forth detailed findings on each statutory

1

factor, it must consider the listed factors, and a statement that the district judge has considered the statutory factors is sufficient." *Id*. (internal citations and quotation marks omitted).

The Second Circuit has held that a district court has the discretion to consider early termination based on good behavior where the behavior has been "exceptionally good." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Moreover, courts in this Circuit routinely hold that a defendant's compliance with the terms of his supervision does not, in and of itself, entitle him to modification or termination of his supervised release. *See e.g.*, *United States v. Berrios*, No. 95-cr-84 (PKL), 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (denying early termination of supervised release for defendant where the court expressed pleasure with compliance, good attitude, and work ethic but noted that the defendant had "done nothing more than what is expected of all criminal defendants") (internal quotation marks omitted); *United States v. Liriano*, No. 91-cr-908 (JFK), 2010 WL 532517, at *1 (S.D.N.Y. Feb. 11, 2010) (securing employment and compliance with terms of supervised release not "exceptional" enough to justify early termination of supervised release).

To date, Defendant has served *less than* two months of his three-year supervised release term. Therefore, Defendant has not yet served one year of his term of supervised release, and he is thus ineligible for early termination pursuant to Section 3583(e). *See* 18 U.S.C. § 3583(e) (The Court may "terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release.*").

Moreover, although Defendant is ineligible, the Court has also considered all of the Section 3553(a) factors and finds no "changed circumstances" which "render [this Court's] previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. Defendant's argument that

2

he has showed "institutional progress" since being released from prison *less than two months ago*, including retaining gainful employment, although commendable, demonstrates "nothing more than what is expected of all criminal defendants." *Berrios*, 2010 WL 1010022, at *2. Indeed, one of the "standard conditions" of Defendant's supervised release *mandates* that he "work full time." [ECF No. 45].

Accordingly, Defendant's motion for early termination of his term of supervised release is DENIED. SO ORDERED.

**SO ORDERED.**

**Date: April 29, 2024**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**