Case 1:22-cr-00031-MKV   Document 95   Filed 11/19/24   Page 1 of 7
Case 1:22-cr-00031-MKV   Document 57   Filed 03/17/24   Page 1 of 7

MANDATE

1:22-cr-00031-MKV-1

22-1749-cr
United States v. Andrew

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-four.

PRESENT:

> GERARD E. LYNCH,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

v.           22-1749

**Seth Andrew, AKA Sealed Defendant 1,**

> *Defendant-Appellant.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/19/2024__

MANDATE ISSUED ON 11/19/2024

| | |
|---|---|
| **FOR APPELLEE:** | RYAN B. FINKEL, (Nathan Rehn, *on the brief*) Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | SETH ANDREW, *pro se*, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Seth Andrew waived his right to indictment and pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. The information alleged that Andrew devised a scheme "for obtaining money and property by means of false and fraudulent pretenses" and "stole approximately $218,005 belonging to charter schools." *United States v. Andrew*, No. 1:22-cr-00032 (S.D.N.Y. Jan. 14, 2022), doc. 26 at 1. At his plea hearing, Andrew admitted

transferring funds from various accounts into a different account that he had opened, representing to the banks that he was authorized to transfer those funds when, in reality, he was not. The district court sentenced Andrew and entered final judgment in July 2022. Andrew timely appealed. He represents himself on appeal.

Andrew argues that his wire fraud conviction was based on a right-to-control theory of wire fraud that has since been rejected by the Supreme Court in *Ciminelli v. United States*, 598 U.S. 306 (2023), and that his conduct thus does not fall within the statute of conviction. We assume the parties' familiarity with the underlying facts, the procedural history (including the prior motions practice in this Court), and the issues on appeal.[1]

We review Andrew's argument that he was convicted under the now-invalid right-to-control theory for plain error because he did not raise the argument in district court.[2] *See United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018). To demonstrate plain error, Andrew "must show (1) error that (2) is clear or obvious under current law; (3) affects his substantial rights, which generally

---

[1] A motions panel of this Court dismissed Andrew's *Brady* challenges as precluded by a valid appeal waiver. *See United States v. Andrew*, No. 22-1749 (2d Cir. Oct. 31, 2023), doc. 119.
[2] For purposes of our review, we assume without deciding that Andrew's guilty plea does not bar his challenge.

means affects the outcome of the district court proceedings; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*[3]

Andrew cannot demonstrate plain error. To convict a defendant of wire fraud, the government must prove beyond a reasonable doubt "(1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the . . . wires to further the scheme." *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004); *see also* 18 U.S.C. § 1343.

Before the Supreme Court's decision in *Ciminelli*, this Court held that "property" could include "'intangible' interests such as the right to control the use of one's assets," *United States v. Calderon*, 944 F.3d 72, 88 (2d Cir. 2019), or "potentially valuable economic information" that is "necessary to make discretionary economic decisions," *United States v. Percoco*, 13 F.4th 158, 170 (2d Cir. 2021).

In *Ciminelli*, the Supreme Court rejected this theory of fraud, and held that "the federal fraud statutes criminalize only schemes to deprive people of traditional property interests." 598 U.S. at 309. Because the Government in *Ciminelli* purported to "establish wire fraud by showing that the defendant

---

[3] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

schemed to deprive a victim of potentially valuable economic information necessary to make discretionary economic decisions," and the district court had instructed the jury that "property" included these intangible interests, the conviction could not stand. *Id.* at 310–11, 317.

*Ciminelli* has no bearing here. Contrary to Andrew's argument, the record reflects that his conviction for wire fraud was not predicated on the right-to-control theory. Andrew was convicted because he stole *money* belonging to charter schools. The charging information and his own admissions in pleading guilty establish that. Because Andrew was charged with and pleaded guilty to depriving the victims of their money—a traditional property interest—*Ciminelli* is inapplicable to his conviction. *See United States v. Kousisis*, 82 F.4th 230, 240 n.63 (3d Cir. 2023) (concluding that *Ciminelli* does not bar prosecution where money is target of fraudulent scheme), *cert. granted,* 144 S. Ct. 2655 (2024). Andrew cannot now reframe the case on appeal based on a narrative that is at odds with his own admissions and guilty plea.

Andrew's remaining arguments require little analysis. Some piggyback on his theory that he was prosecuted under a right-to-control theory of fraud. Because the district court relied on the economic harm he caused, we see no error

in the court's reference at sentencing to the potential non-economic harm. And we reject his suggestion that he cannot be convicted of wire fraud because he did not "wire" any funds. The wire fraud statute is not so limited. *See* 18 U.S.C. § 1343 (including as element of offense transmission by wire of "*writings, signs, signals, pictures, or sounds*" for purpose of scheme or artifice to defraud). And to the extent that he raises new arguments in his reply brief or at oral argument, we decline to consider them. *See Green v. Department of Education of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (Though we liberally construe submissions by self-represented litigants, they are bound by the rule that issues not raised in opening appeal brief are deemed abandoned.). If Andrew purports to make any other arguments we have not addressed, they are inadequately briefed.

After oral argument, Andrew filed two motions: 1) a motion asking us to hold our decision in abeyance pending the Supreme Court's decision in *Kousisis v. United States*, 144 S. Ct. 2655 (2024), and its review of a petition for *certiorari* in *Porat v. United States*, No. 23-832, *cert. petition pending*, and 2) a motion seeking permission to file supplemental briefing addressing factual assertions the government made in its appellate oral argument. The motion to hold in abeyance is predicated on the same theory—that Andrew was convicted based on a right-

to-control theory rather than for appropriating money without authorization—that we reject. We deny the post-argument motion to hold in abeyance for the same reason. We deny the post-argument motion to file supplemental briefing regarding various factual questions because they are immaterial to our decision. The question Andrew presents in this direct appeal is whether his conviction is valid in light of the Supreme Court's decision *Ciminelli*. Because Andrew was not convicted on a right-to-control theory, we conclude his conviction is unaffected by *Ciminelli*.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit